*W. E. & S. A. Russell, for appellants.*

*W. C. & C. C. McChord, for appellee.*

---

JAMES ENOCH, ET AL. *v.* WM. ENOCH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—442.]

**Advancement.**

 One who takes by way of an advancement can not be made to surrender any of the property so acquired for the purpose of equalization.

**Conditional Conveyance.**

 Where a father about to marry for the second time makes a deed to his children conveying three hundred twelve acres, but as to seventy acres not included in the three hundred twelve speaks thus in the deed: "This piece I still hold and all the buildings thereupon; at my decease if any of these heirs (his then) my five children, want this piece they shall have it at the price now set by me, or all of them can have all the same chance at the above piece at this price. I value this myself at $700," it is held in a contest, between said

five children and other children by his second marriage, that the deed was a conditional conveyance of the seventy acres, to take effect upon a condition,—namely, that they, the five children or any of them, should take it by paying to his estate $700.

## APPEAL FROM GRAVES CIRCUIT COURT.

### December 5, 1885.

OPINION BY JUDGE HOLT:

Prior to his second marriage Samuel Enoch by a deed, dated November 6, 1855, conveyed by way of gift to his five children about three hundred twelve acres of land, which was all he then owned save a tract of seventy acres. Subsequently he became the owner of a forty-six acre tract, and died intestate in 1863, leaving a widow, who was his second wife, and three children as the result of the last marriage. In this action by the last set of children against the surviving ones of the first set and the children of a deceased one, the former seek to recover both the seventy and forty-six acre tracts upon the ground that then they each would not receive from the father's estate as much as each of the first set of children had by the advancement to them of the three hundred twelve acres. The testimony upon the question of value shows this to be true, and there is no doubt but what the court below properly adjudged the forty-six acres to the appellants.

Their claim to the seventy acre tract was, however, rejected, and whether properly so is the question now presented. The deed above named conveyed three hundred twelve acres, but as to the seventy acres it speaks thus: "This piece I still hold and all the buildings thereupon; at my decease if any of these heirs (his then) my five children, want this piece they shall have it at the price now set by me, or all of them can have all the same chance at the above piece at this price. I value this myself at $700."

It is contended for the appellants that the above provision did not divest Samuel Enoch of the title to the seventy acres, but is equivalent to merely saying that at his death it may be sold and that the children named or any one of them shall have the privilege of purchasing it and the preference as a bidder. We think, however, that the deed was a conditional conveyance as to the last named tract. It was a deed to it to take effect in the future upon

a condition, and the limitation was that the children or any of them should be willing to and should take it at the price fixed by the grantor, and thus become purchasers for value.

The statute then and yet in force provides: "Any estate may be made to commence in future, by deed in like manner as by will, and any estate which would be good as an executory devise or bequest shall be good if created by deed." Rev. Stat. 1883, ch. 63, § 6. The fee was made defeasible by the grantor if the contingency named in the deed happened. It was "a springing interest" as to which it is said: "The limitation of a springing interest operates by divesting the estate from the grantor or his heirs in a particular event, entirely irrespective of the original measure of that estate, and by transferring it to the person who is to take the springing interest." 2 Fearne on Remainders 52.

It is not claimed that one who takes by way of advancement can be made to surrender any of the property so acquired for the purpose of equalization; and it can not, of course, be questioned that a purchaser for value can not be made to do so. It was necessary, however, that the grantees upon condition should accept the terms of the deed and comply with it. It is beyond question that so far as the record discloses they were slow in doing so; and the evidence is not altogether satisfactory that they ever did so. It appears, however, that shortly after the father's death and in the Fall of 1863, one of them was claiming the right to the seventy acres under the deed. The conveyance by Jones and wife to Wm. and B. W. Enoch in March, 1871, was also a declaration of such claim, because it embraced it; and in the settlement of Wm. Enoch as administrator of Samuel Enoch made in March, 1879, he is charged with the $700 and interest upon it from the expiration of two years after his qualification.

It is somewhat strange that he had not been so charged in the former settlement, made in November, 1877; and that the settlement of the estate was delayed so long; but we can not undertake to judge of these circumstances, which caused the delay, and draw a conclusion therefrom in the absence of evidence in the record as to it. The fact exists that he was finally charged with the sum named in the deed, and he testifies that each of the five children paid their proportion of it. When they performed the condition

named in the deed they ipso facto became the owners of the land for value.

It is urged, however, that the administrator never distributed the money, and that the appellants have never received their portion of it. We will not discuss the question because it does not arise in the case. This is an action in which the appellants seek to have the seventy acres adjudged to them with their half brothers and sisters; and not one against their father's administrator and his sureties for maladministration. We can not, therefore, inquire whether the appellants have suffered any injustice at his hands. If so, their remedy is against him in his representative character.

The question as to the costs of the action was not disposed of by the lower court, and the action continued for further orders.

Judgment *affirmed*.

*Robertson & Robbins, for appellants.*

*D. G. Park, J. T. Webb, for appellees.*